IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

LUIS E. GARCIA CAMPOS                                                  PLAINTIFF

    v.                         Civil No. 07-5I61

DEPUTY FREE; DEPUTY
THOMPSON; DEPUTY DAY;
CAPTAIN PETRAY                                                 DEFENDANTS

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, Luis E. Garcia Campos (hereinafter Campos), filed this civil rights action pursuant to 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis*.

By notice dated May 28, 2009, the case was set for an evidentiary hearing on November 5, 2009 (Doc. 26). At the time the notice was sent, Campos was incarcerated in the Arkansas Department of Correction (ADC). On May 28th the court also issued a scheduling order (Doc. 27). The scheduling order advised the parties that thirty days prior to the scheduling hearing, or by October 5, 2009, they were required to file an information sheet setting forth a list of their witnesses.

As Campos is proceeding *pro se* and *in forma pauperis*, the court issues and serves all process in this case including all subpoenas and writs. Without Campos' information sheet, the court cannot issue any subpoenas or writs for the evidentiary hearing.

As a courtesy, a letter was sent to the parties on October 2, 2009, reminding them their information sheets were due by October 5, 2009. On October 13, 2009, the letter sent to Campos at the ADC was returned to the court as undeliverable with a notation that he had been paroled.

-1-

Campos has not provided the court with his new address. Campos has not contacted the court. He received the May 28th notice of the November 5th hearing and scheduling order informing him of the of the requirement that he provide the court with his witness list by October 5th.

I therefore recommend that this case be dismissed based on Campos' failure to prosecute and his failure to respond to the scheduling order. Fed. R. Civ. P. 41(b).

**Campos has ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Campos is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 22nd day of October 2009.

/s/ *J. Marschewski*
 HON. JAMES R. MARSCHEWSKI
 UNITED STATES MAGISTRATE JUDGE